UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EILER AVIATION CONSULTANTS, INC., )<br>                                   )<br>   Plaintiff,                     )<br>                                   )<br>   vs.                             )   CAUSE NO. 2:11-cv-332-WTL-DKL<br>                                   )<br>PDX VFR, LLC, et al.,            )<br>                                   )<br>   Defendants.                 ) | |

**ENTRY ON MOTION TO DISMISS**

This cause is before the Court on the Defendants' motion to dismiss. The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

### I. STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all well-pleaded facts and draw all possible inferences in favor of the plaintiff. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff has the obligation to provide the factual "grounds" of his entitlement to relief (more than "mere labels and conclusions"), and a "formulaic recitation of a cause of action's elements will not do." The complaint must contain "enough facts to state a claim to relief that is plausible on its face" and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 602 -03 (7th Cir. 2009) (citations omitted).[1]

### II. FACTS ALLEGED IN AMENDED COMPLAINT

---

[1] The Court notes that Eiler cites to an outdated motion to dismiss standard that was expressly "retired" by the United States Supreme Court's ruling in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Eiler also incorrectly references Indiana Trial Rule 9(b) and cases discussing it; it is Federal Rule of Civil Procedure 9(b) that is relevant to cases pending in federal court.

Plaintiff Eiler Aviation Consultants, Inc., ("Eiler") contracted with Defendant PDX VFR LLC ("PDX") to purchase a used airplane. During the course of negotiating the sale, PDX and Defendant Scott Ehlen represented to Eiler that the plane was covered by a maintenance program called the Total Assurance Program-Elite ("TAP") and that the TAP was fully paid and transferable.

After the purchase was complete, Eiler learned that the TAP was not fully paid. Rather, PDX had agreed with William-Rolls, the company that issued the TAP, to amend the TAP contract and defer over $250,000.00 of payments owed for the TAP. The TAP Amendment provided that "in the event the aircraft is sold . . . [PDX] must disclose the details of this contract to the new prospective owner before actual sale of the Aircraft."

### III.  DISCUSSION

Eiler's amended complaint contains three counts. The first count asserts a claim against PDX based upon an unspecified legal theory for PDX's failure to disclose the TAP Amendment and false representation that the TAP was fully paid and transferable. Count II asserts the same claim against Defendant Ehlen. In Count III, Eiler asserts a breach of contract claim against PDX for its failure to disclose the TAP Amendment prior to the sale of the plane, on the theory that Eiler is a third-party beneficiary to the TAP Amendment. The Defendants argue that all three of Eiler's claims fail as a matter of law.

#### A.  Counts I and II

While the amended complaint does not specify the legal theory upon which Counts I and II are based, the Defendants assert in their motion to dismiss that they "apparently attempt[] to state a claim for fraud in the inducement of a contract." Eiler does not identify any alternative legal theory in its response, but rather argues that it has adequately pled fraud in the inducement.

Under Indiana law, to succeed on its fraud claim Eiler would have to show that the Defendants made "(1) a material representation of past or existing fact (2) that was untrue and

known to be untrue, or else recklessly made, and (3) [Eiler] did in fact rely on the representation, (4) which proximately caused it to suffer injury." *Circle Centre Development Co. v. Y/G Indiana, L.P.*, 762 N.E.2d 176, 179 (Ind. App. 2002). Even assuming that Eiler has properly pled these elements of its fraud claim,[2] Eiler's fraud claim fails because the contract between Eiler and PDX contains the following provision: "No statements, promises, or inducements made by any party to this Agreement, or any agent or employees of either party, which are not contained in this written contract, shall be valid or binding." Under Indiana law, this type of integration clause generally precludes a fraud in the inducement claim because a party who agrees to such a clause cannot, as a matter of law, demonstrate that he relied on any statements made outside of the written contract. *Id.* (citing *Prall v. Indiana Nat'l Bank*, 627 N.E.2d 1374, 1378 (Ind. App. 1994) and *Urschel Farms, Inc. v. Dekalb Swine Breeders, Inc.*, 858 F.Supp. 831, 840-41 (N.D. Ind.1994)). In other words, a party who signs a contract that affirmatively disavows any claims based on oral statements cannot then bring a claim based upon such statements.

As with most rules, there is an exception to this one; a fraud in the inducement claim may survive in spite of an integration clause if the plaintiff can demonstrate that he was induced to agree to the integration clause itself by the defendant's misrepresentations. Eiler has not pled any facts that would bring its claim under that exception and has not articulated any such facts in response to the instant motion to dismiss. Rather, he asserts that he was induced into purchasing the airplane based upon the Defendants' misrepresentations about the TAP. Accordingly, Eiler has failed as a matter of law to state a fraud in the inducement claim under Indiana law, and the Defendants' motion to dismiss is **GRANTED** as to Counts I and II.

### B. Count III

With regard to Count III, the Defendants argue that Eiler's breach of contract claim, which

---

[2] The Defendants argue that Eiler has not satisfied Federal Rule of Civil Procedure 9(b)'s requirement that fraud claims be pled with particularity. The Court need not address this issue because it finds that Eiler's fraud claim must be dismissed on substantive grounds.

is premised on its asserted status as a third-party beneficiary to the TAP Amendment, is doomed by the fact that TAP Amendment contains a provision entitled "Exclusion of Third Party Rights" that provides "Nothing in this Agreement shall be construed to create any rights in any third persons, other than Owner or designee and Williams-Rolls or Williams International."  The Court agrees.

> For a contract to be enforceable by a third party, "it must clearly appear that it was the purpose or a purpose of the contract to impose an obligation on one of the contracting parties in favor of the third party. It is not enough that performance of the contract would be of benefit to the third party. It must appear that it was the intention of one of the parties to require performance of some part of it in favor of such third party and for his benefit and that the other party to the agreement intended to assume the obligation thus imposed. The intent of the contracting parties to bestow rights upon a third party must affirmatively appear from the language of the instrument when properly interpreted and construed."

*City of Indianapolis v. Kahlo*, 938 N.E.2d 734, 742 (Ind. App. 2010) (quoting *Cain v. Griffin*, 849 N.E.2d 507, 514 (Ind. 2006)).  The contract in this case forecloses a finding that the parties intended it to be enforceable by a third party because it contains an express provision to the contrary.  *See Indiana Gaming Co., L.P. v. Blevins*, 724 N.E.2d 274, 278-79 (Ind. App.,2000) (holding that analogous contract provision precluded third-party beneficiary claim). Accordingly, the Defendants' motion to dismiss is **GRANTED** as to Count III of Eiler's amended complaint.

## IV.  CONCLUSION

For the reasons set forth above, the Defendants' motion to dismiss is **GRANTED**.  Eiler already has availed himself of the opportunity to amend his complaint in response to the arguments in the Defendants' motion to dismiss.  Accordingly, the Court finds it appropriate to dismiss Eiler's amended complaint with prejudice and enter judgment accordingly.

SO ORDERED:  07/27/2012

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification